IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY                                              PLAINTIFF

V.                                             CIVIL ACTION NO. 3:22-CV-122-SA-RP

AN EASEMENT AND RIGHT-OF-WAY
OVER .55 ACRES OF LAND, MORE OR LESS,
IN DESOTO COUNTY, MISSISSIPPI, et al.                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

On June 24, 2022, Tennessee Valley Authority ("TVA") initiated this eminent domain action. TVA filed an Amended Complaint [15] on July 27, 2022. Through this lawsuit, TVA seeks a permanent easement and right-of-way across a parcel of land in DeSoto County, Mississippi. On February 1, 2023, TVA filed a Motion for Summary Judgment [32]. Various *pro se* Defendants have responded to TVA's Motion [32]. Having reviewed all the filings, along with the applicable authorities, the Court is prepared to rule.

*Relevant Background*

In 2018, TVA began a project to build a new transmission line in the Olive Branch, Mississippi area. As stated by TVA, "[t]he scope of work for the project includes building a new 161-kilovolt transmission line and removal of vegetation to meet national industry clearance standards." [15] at p. 2.

One of the properties crossed by the new transmission line is an approximately one-acre parcel in DeSoto County, 0.55 acres of which TVA seeks a permanent easement and right-of-way across ("the Subject Property") via this lawsuit. Before initiating this lawsuit, TVA retained an independent licensed appraiser to determine the value of the property rights to be taken. The appraisal report valued the property at $10,050. *See* [41], Ex. 1 at p. 4. Ivan J. Antal, II, the

Manager of Real Property Transactions in TVA's Realty Services Organization, reviewed the report and, based upon his "experience as a licensed Mississippi appraiser, [] determined that TVA's estimate of just and liberal compensation for the easement rights to be taken in this action is $10,400." *Id*.

TVA has also prepared an abstract of title, which indicates that the last record owner of the Subject Property was Kacy Bowen Harper, who died intestate. *Id*. at p. 3. The abstract of title identifies multiple individuals who have an interest in the Subject Property. TVA's abstract of title lists the following individuals as those who have an interest in the Subject Property:

> a. Kenneth Bowen owns an undivided 3/16 interest in said property in fee simple as tenant in common, being an heir at law of Kacy Bowen Harper, deceased.
>
> b. Jan R. Nelson, Johnny A. Nelson, Jr., Jose M. Fifer, Mary Lee Woodson, and Malinda Fay Nelson each own an undivided 1/8 interest in said property in fee simple as tenants in common being heirs at law of Kacy Bowen Harper, deceased.
>
> c. Rosa Bowen owned an undivided 1/16 interest in the subject property in fee simple as tenant in common, being an heir at law of Kacy Bowen Harper, deceased.
>
> d. Flora Nelson, Jimmy B. Nelson, Tanya Shelane Stevenson, and Kisha Nicole Nelson each own an undivided 1/40 interest in said property in fee simple as tenant in common being heirs at law of Jimmy Ray Nelson, deceased, who was an heir at law of Kacy Bowen Harper, deceased.
>
> e. Eboni M. Caradine, Tonia Caradine, and Jarian Parham each own an undivided 1/120 interest in said property in fee simple as tenants in common being heirs at law of Jimmy Ray Nelson, deceased, who was an heir at law of Kacy Bowen Harper, deceased.

*Id*. at p. 3-4.

Prior to filing its original Complaint [1], TVA acquired an undivided 1/16 interest in the Subject Property from Rosa Bowen. Therefore, TVA seeks to obtain the other 15/16 interest in the Subject Property and for the Court to order distribution of the remaining $9,750 to the other individuals who have an interest in the Subject Property. Those individuals have been made Defendants in this lawsuit and been provided notice of this proceeding.[1]

The Court also notes that, consistent with its previous Order [9], TVA has deposited $9,750 with the Clerk of Court until the apportionment is approved.

That brings the Court to the present Motion [31], through which TVA requests that the Court resolve the two issues remaining in this case. First, TVA requests that the Court officially approve the $9,750 as fair and just compensation for the taking. Second, TVA requests that the Court apportion the compensation to the lawful owners of the Subject Property in accordance with their respective ownership interests.

*Standard*

"In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when a party demands a jury trial within the time to answer." *United States ex. Rel. Tennessee Valley Authority v. An Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty., Miss.*, 2019 WL 267881, at *1 (N.D. Miss. Jan. 18, 2019) (quoting FED. R. CIV. P. 71.1(h)). As with other types of cases, "[s]ummary judgment is appropriate in a condemnation case where there is no disputed issue of material fact." *Id*. (quoting *Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa Cnty.*, 473 F. App'x 778, 779 (9th Cir. 2012)) (additional citations omitted).

---

[1] TVA completed service of process via personal service and service by publication in accordance with the applicable Rules of Civil Procedure. *See* [17], [29].

In the summary judgment context, the moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying the portions of the record it believes demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the burden shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty.*, 2019 WL 267881, at *2 (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548).

*Analysis and Discussion*

As noted above, there are two distinct issues to be resolved—just compensation and apportionment. The Court will address them in turn.

I.  Just Compensation

The Fifth Amendment protects private property against takings for public use "without just compensation." U.S. Const. amend. V. "The term 'just compensation' typically means fair market value of the property on the date of the taking." *United States v. An Easement and Right-of-Way Over .14 Acre of Land, in Oktibbeha Cnty., Miss.*, 2019 WL 1031079, at *2 (N.D. Mis. Mar. 4, 2019) (citing *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511-12, 514, 99 S. Ct. 1854, 60 L.Ed.2d 435 (1979)). "In cases where the United States takes an easement, just compensation is calculated by the difference between the market value of that tract before and after the taking." *Id.* (quoting *U.S. v. 8.41 Acres of Land*, 680 F.2d 388, 392 (5th Cir. 1982)).

At the outset, the Court notes that it must decide the issue of compensation because no party has demanded a jury trial. *See* FED. R. CIV. P. 71.1(h)(1) (noting that, in a condemnation action, the Court tries all issues, including compensation, unless a party demands a trial by jury).

To support its valuation of the easement and right-of-way, TVA relies on the Declaration of Ivan J. Antal, II. In pertinent part, Antal's Declaration provides:

> 10. Before the filing of this condemnation action, TVA's Realty Services organization retained an independent Mississippi licensed appraiser to determine the fair market value of the property rights taken with respect to the subject property. The appraisal report submitted by the independent appraiser to TVA valued the tree-removal rights at $10,050.
>
> 11. I reviewed the appraisal report as part of my duties as TVA Manager of Real Property Transactions. Based upon my review of the appraisal report and my experience as a licensed Mississippi appraiser, I determined that TVA's estimate of just and liberal compensation for the easement rights taken in this action is $10,400.

[41], Ex. 1 at p. 4.[2]

In previous cases similar to this one, the Court has found evidence of this nature sufficient to meet TVA's initial summary judgment burden as to the issue of just compensation. *See, e.g., United States ex rel. Tennessee Valley Authority v. Easement and Right-of-Way Over 3 Acres of Land, in Oktibbeha Cnty., Miss.*, 2021 WL 5368667, at *2 (N.D. Miss. Nov. 17, 2021); *An Easement and Right-of-Way Over .14 Acre of Land, in Oktibbeha Cnty., Miss.*, 2019 WL 1031079 at *3. The Court sees no need to depart from that practice and therefore finds that TVA has carried its initial summary judgment burden as to the issue of just compensation. Specifically, TVA has provided sufficient evidence to establish that just compensation for the taking is $10,400—making $9,750 the appropriate amount for the 15/16 interest in the property.

Multiple Defendants filed *pro se* Responses to TVA's Motion [31]. *See* [33, 34, 35, 36, 37, 39, 40]. In fact, all Defendants except Kenneth Bowen responded. Although the language varies

---

[2] The Court notes that TVA filed an amended declaration because Antal's original declaration included a scrivener's error as to the listed amounts. Throughout this Order and Memorandum Opinion, the Court has relied on Antal's amended declaration.

between some of the *pro se* filings, each of them indicate their agreement with the proposed disbursement. They certainly have done nothing to rebut TVA's well-documented valuation of just compensation.

The United States Supreme Court has made clear that "just compensation must be measured by an objective standard that disregards subjective values which are only of significance to an individual owner." *United States v. 50 Acres of Land*, 469 U.S. 24, 35, 105 S. Ct. 451, 83 L.Ed.2d 376 (1984). TVA has provided sufficient objective evidence to support its valuation of the easement and right-of-way. TVA's request for judgment on the issue of just compensation is GRANTED. The Court accepts its valuation of $10,400 for a permanent easement and right-of-way over the Subject Property (or $9,750 for the subject 15/16 interest).

II. *Apportionment*

Having resolved the just compensation issue, the Court next turns to the manner of disbursement. In previous cases, this Court has adopted the procedure set forth by the District Court for the Middle District of Georgia in *Sabal Trail Transmission, LLC v. Real Estate*, 2017 WL 3599163, at *1-2. Through that procedure, the Court has provided a mechanism for potential claimants to seek a portion of the disbursement. The Court sees no need to depart from that procedure here.

Claimants (other than the Defendants who have already responded to the pending Motion [31]) who desire to claim an interest in the disbursement shall comply with the following procedure:

PROCEDURE FOR PAYMENT OF COMPENSATION

I. CLAIMANT'S REQUEST FOR OBTAINING DISBURSEMENT.

Claimants may apply to the Court for distribution of the award in accordance with their respective ownership interests. Claimants may apply for a distribution of the award by sending a written request to:

Clerk of Court
Federal Building Room 369
911 Jackson Avenue East
Oxford, MS 38655

The Clerk shall docket each written request electronically. The request should include:

- The applicant's name, address, and email address (if any).
- The necessary tax-identification information.
- The applicant's claimed interest in the property and the basis for that claim.
- Proof of the applicant's interest in the property.

Requests must be postmarked no later than twenty-one (21) days from the date of this Order. Any questions regarding the process should be directed to the Clerk's office via telephone ((662) 234-1971) or email (ecf_information@msnd.uscourts.gov).

II. PROVIDING NOTICE TO DEFENDANTS

The Clerk of Court shall serve a copy of this Order via U.S. mail on each of the Defendants with known addresses at the addresses listed on the docket.[3]

As noted above, the Defendants to this lawsuit who have already filed their Responses need not file an additional claim for disbursement. The Court has reviewed and is cognizant of their respective positions. However, the Defendants shall communicate with counsel for TVA and provide to TVA their social security numbers so that the disbursements can be properly reported

---

[3] Jarian Parham is one of the Defendants, but his address is not listed on the docket. However it is listed in a filing on the docket. *See* [37], Ex. 7. The Order shall be mailed to him at the address listed in that filing.

to federal taxing authorities. TVA shall confidentially provide this information to the Clerk of Court.

After a period of twenty-one (21) days has passed, TVA shall submit to the Court a proposed Order and Final Judgment. The proposed Order and Final Judgment shall be submitted via email to Judge_Aycock@msnd.uscourts.gov. TVA shall also notify the Court once it has received all social security numbers from the Defendants.

*Conclusion*

For the reasons set forth above, TVA's Motion for Summary Judgment [31] is GRANTED. The Court will enter an additional Order directing disbursement of funds once the parties have complied with the directives set forth above.

SO ORDERED, this the 15th day of June, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE